**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ziad Batikh, Hawkeye Ridge Family Trust,<br><br>    Plaintiffs,<br><br>vs.<br><br>Central Mortgage Co., et al.,<br><br>    Defendants. | No. CV 11-8033-PCT-JAT<br><br>**ORDER** |

Plaintiff Ziad Batikh brings this suit as beneficiary of the Hawkeye Ridge Family Trust. Doc. 1 at 1. However, "the beneficiary of a trust generally is not the real party in interest and may not sue in the name of the trust." *Spain v. EMC Mortg. Co.*, 2009 WL 464983, *6 (D. Ariz. 2009) (quoting *Orff v. United States*, 358 F.3d 1137, 1148 (9th Cir. 2004). "Thus, as a trust beneficiary, plaintiff lacks standing to pursue claims on behalf of the trust." *Id.*[1]

In addition to the Court's standing concern raised above, the Court also has a jurisdictional concern regarding this Court's authority to preside over this case. Specifically, federal courts are courts of limited jurisdiction. As a result, federal courts may hear only

---

[1] Additionally, even if Mr. Batikh is also the Trustee, he would be required to obtain counsel to appear on behalf of the Trust. *See Diversified Metal Products v. T-Bow Co. Trust*, 158 F.R.D. 660, 664-65 (D. Idaho 1994) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

1 those cases that the Constitution and Congress have authorized them to adjudicate: namely,
2 cases involving diversity of citizenship, a federal question, or cases to which the United
3 States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The
4 party asserting jurisdiction bears the burden of proving jurisdiction. *Id.* In this case, because
5 Plaintiff filed this suit in federal court, Plaintiff must show that the federal court is authorized
6 to hear the case.

7 Plaintiff's allegation of jurisdiction in this case is that Defendants are residents of or
8 doing business in Arizona, and that Defendants were doing business as institutions organized
9 under the laws of the State of Arizona. Doc. 1 at 1. Plaintiff's claim in this case is to "quiet
10 title." Doc. 1 at 3. None of these allegations establish that this Court has federal subject
11 matter jurisdiction to hear this case.

12 Based on the foregoing,

13 **IT IS ORDERED** that by May 6, 2011, Plaintiff shall show cause why this case
14 should not be dismissed for lack of standing. If Plaintiff fails to comply, this case will be
15 dismissed without prejudice.

16 **IT IS FURTHER ORDERED** that by May 20, 2011, Plaintiff shall file an amended
17 complaint properly alleging federal subject matter jurisdiction. If Plaintiff fails to comply,
18 this case will be dismissed without prejudice.

19 DATED this 8th day of April, 2011.

James A. Teilborg
United States District Judge

- 2 -